STATE OF WEST VIRGINIA

FILED
November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JACKIE L. SMITH,
**Claimant Below, Petitioner**

**vs.)  No. 13-1052**  (BOR Appeal No. 2048180)
(Claim No. 2005003054)

EASTERN ASSOCIATED COAL, LLC,
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jackie L. Smith, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 20, 2013, in which the Board affirmed a February 20, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 28, 2012, decision granting Mr. Smith no additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith filed an application for workers' compensation benefits alleging that he injured his hands in the course of his employment, and the claim was held compensable for bilateral peripheral neuropathy of the upper extremities on August 5, 2005. Prasadarao Mukkamala, M.D., performed an independent medical evaluation on December 4, 2007. He opined that Mr. Smith sustained 0% whole person impairment as a result of peripheral On April 21, 2008, Saghir Mir, M.D., performed an independent medical evaluation, and opined that he sustained 4% whole person impairment, with 2% impairment allocated to each wrist. Mr.

1

Smith received a 4% permanent partial disability award in the instant claim on December 18, 2008, and the claim was reopened for further consideration of permanent partial disability benefits on December 2, 2011.

Paul Bachwitt, M.D., performed an independent medical evaluation on January 27, 2012, and opined that mild to moderate sensory peripheral neuropathy revealed via EMG could be attributable to Mr. Smith's known thyroid disease. Dr. Bachwitt authored an addendum report on February 27, 2012, and opined that Mr. Smith has 0% whole person impairment based on a finding that there is no ratable entity in relation to the compensable injury. On February 28, 2012, the claims administrator determined that Mr. Smith is not entitled to an additional permanent partial disability award in the instant claim. Yogesh Chand, M.D., performed an independent medical evaluation on May 10, 2012. He opined that Mr. Smith sustained 21% whole person impairment, with 11% attributable to each arm, as a result of median and ulnar nerve deficits and median nerve sensory loss.

In its Order affirming the February 28, 2012, claims administrator's decision, the Office of Judges held that Mr. Smith has no additional permanent impairment as a result of peripheral neuropathy. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of September 20, 2013. Mr. Smith disputes this finding and asserts that he is entitled to an additional permanent partial disability award of 17%, for a total award of 21%, per the opinion of Dr. Chand.

After weighing the evidence of record, the Office of Judges determined that Mr. Smith is not entitled to an additional permanent partial disability award beyond the 4% permanent partial disability award previously granted in the instant claim. Dr. Mukkamala and Dr. Bachwitt both concluded that Mr. Smith sustained 0% whole person impairment as a result of his compensable peripheral neuropathy. Only Dr. Chand found that Mr. Smith sustained measurable permanent impairment arising from peripheral neuropathy, and Dr. Chand's recommendation of 21% stands in stark contrast to the findings of Dr. Mukkamala and Dr. Bachwitt. The conclusion of the Office of Judges, as affirmed by the Board of Review, that Mr. Smith is not entitled to an additional permanent partial disability award for the compensable condition of peripheral neuropathy is supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II